IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIE B. LANIER,
    Plaintiff,

vs.                                    Case No. 3:17cv312/LAC/EMT

STATE OF FLORIDA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1). Leave to proceed in forma pauperis has been granted (ECF No. 4).

Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be

ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997). Upon review of the complaint, this court concludes that dismissal is warranted.

Plaintiff names as Defendants the State of Florida and two assistant state attorneys (ECF No. 1 at 2). Now an inmate of the Florida Department of Corrections ("DOC") and incarcerated at Bay Correctional Facility, Plaintiff alleges that he was unfairly sentenced in the state court because, in order to enhance the length of his sentence, Defendants used previous charges dating back 45 or 50 years—and Plaintiff contests the validity of at least some of them and, by extension, the validity of the length of his sentence (*id.* at 5–7). Plaintiff seeks punitive damages and the institution of criminal charges against Defendants.

Although Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, he seeks relief in the nature of habeas corpus. Based upon the Supreme Court decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), dismissal of the instant action is warranted. The Court in Heck stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 2372. Absent such an invalidation, the section 1983 suit must be dismissed.

Heck reaffirmed what the Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Thus, whether the claims are for damages or declaratory or injunctive relief, claims which are in the nature of

habeas corpus claims are claims which challenge the validity of a conviction and/or sentence and are simply not cognizable under § 1983.  Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).

Because it is facially clear from the instant complaint that Plaintiff's claims are in the nature of habeas corpus, they are subject to dismissal under Heck.[1]

Accordingly, it respectfully **RECOMMENDED**:

That Plaintiff's claims be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 12th day of June 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] Even if it were possible that, aside from Heck, Plaintiff could seek injunctive relief to raise criminal charges against Defendants, that form of relief is unavailable to him.  As a private citizen, Plaintiff "has no judicially cognizable interest" in the prosecution of another.  Garcia v. Miami Beach Police Dep't, 336 F. App'x 858, 859 (11th Cir. 2009); Otero v. United States Attorney Gen., 832 F.2d 141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973)); *see also* Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (a private citizen has no authority to initiate a criminal prosecution); Higgins v. Neal, 52 F.3d 337 (10th Cir. 1995); Sattler v. Johnson, 857 F.2d 224, 226-27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted).  Additionally, "the courts are not free to interfere with the discretionary decision of whom to prosecute."  United States v. Spence, 719 F.2d 358, 361 (11th Cir. 1983); *see also* Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375, 379–82 (2d Cir. 1973).  Thus, Plaintiff would have no standing to pursue this form of relief.

Case No: 3:17cv312/LAC/EMT

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No: 3:17cv312/LAC/EMT